SEALED

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 16cr10162 |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1. JASSEL CASTILLO, a/k/a "Shells," | ) | 21 U.S.C. § 846 -- |
| 2. JOSE HERRERA, | ) | Conspiracy to Distribute Cocaine |
| 3. JONATHAN PENA, | ) | Base and Heroin |
| 4. VICTOR PENA, | ) | |
| 5. MICHAEL ROMERO, | ) | 18 U.S.C. § 1959 -- |
| 6. ANTONIO SOSA, | ) | Violent Crime in Aid of |
| 7. ANTHONY TERRONES, a/k/a "Squirrel," | ) | Racketeering – Attempted Murder |
| and | ) | and Assault With A |
| 8. ALFIDIS VICTORINO, a/k/a "Junior," | ) | Dangerous Weapon |
| | ) | |
| Defendants. | ) | 18 U.S.C. § 922(a)(1)(A) -- |
| | ) | Engaging in the Business of Dealing |
| | ) | in Firearms without a License |
| | ) | |
| | ) | 18 U.S.C. § 2 -- |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | 21 U.S.C. § 853 -- |
| | ) | Drug Forfeiture Allegation |

1

# INDICTMENT

**COUNT ONE:** (21 U.S.C. § 846 -- Conspiracy to Distribute Cocaine Base and Heroin)

The Grand Jury charges that:

1. From a time unknown to the Grand Jury and continuing until on or about June 8, 2016, at Boston, Brockton and elsewhere in the District of Massachusetts, and at other places presently known and unknown:

    2. **JOSE HERRERA,**
    4. **VICTOR PENA,**
    6. **ANTONIO SOSA,**
    7. **ANTHONY TERRONES,** a/k/a "Squirrel," and
    8. **ALFIDIS VICTORINO,** a/k/a "Junior,"

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute cocaine base, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The Grand Jury further charges that the conspiracy described herein involved 28 grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii). Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this count.

3. The Grand Jury further charges that 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, are attributable and were reasonably foreseeable to defendants **(2) JOSE HERRERA, (6) ANTONIO SOSA, (7) ANTHONY TERRONES** and **(8) ALFIDIS VICTORINO**. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this count as to these four defendants.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** (18 U.S.C. §§ 1959(a)(3) and 1959(a)(5) – Violent Crime in Aid of Racketeering – Attempted Murder and Assault With A Dangerous Weapon; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

### The Enterprise

At various times material to this indictment:

4. Defendants **JASSEL CASTILLO**, a/k/a "Shells," and **MICHAEL ROMERO** ("Defendants"), and others known and unknown, were leaders, members and associates of an organization whose leaders, members and associates engaged in, among other things, murder, conspiracy to commit murder, attempted murder, assault with intent to commit murder, and distribution of drugs (including cocaine, cocaine base, and heroin). At all relevant times, this organization, known as the Boylston Street Gang, operated in the District of Massachusetts and elsewhere.

5. The Boylston Street Gang including its leaders, members and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The Boylston Street Gang constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Boylston Street Gang.

### Purposes of the Enterprise

6. The purposes of the Enterprise included the following:

   a. Enriching the members of the Boylston Street Gang through, among other things, drug trafficking.

4

b.  Controlling illegal activities such as drug trafficking in and around Boston, Massachusetts, and elsewhere.

c.  Preserving, protecting and expanding the power of the Boylston Street Gang through the use of intimidation, violence, threats of violence, assaults, and murders.

d.  Promoting and enhancing the Boylston Street Gang and the activities of its leaders, members and associates.

## The Means and Methods of The Enterprise

7.  Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the Boylston Street Gang were the following:

a.  Leaders, members and associates of the Boylston Street Gang used the Boylston Street Gang to commit, attempt to commit and threaten to commit, acts of violence, including murder and assault, to protect and expand the Boylston Street Gang's criminal operations, including intimidating potential witnesses to the Boylston Street Gang's illegal activities.

b.  Leaders, members and associates of the Boylston Street Gang used the Boylston Street Gang to promote a climate of fear through violence and threats of violence in order to intimidate potential rivals to the Boylston Street Gang and its illegal activities.

c.  Leaders, members and associates of the Boylston Street Gang promulgated certain rules to be followed by all participants in the Boylston Street Gang including the rule that a participant in the Boylston Street Gang not act as an informant for law enforcement authorities regarding the criminal activities of the Boylston Street Gang. To enforce the rules of the Boylston Street Gang, the leaders, members and associates of the Boylston Street Gang murdered, attempted

to murder, assaulted and threatened those participants in the Boylston Street Gang and others who violated the rules.

d. Leaders, members and associates of the Boylston Street Gang distributed and conspired to distribute controlled substances, including cocaine, cocaine base, and heroin, in Boston and Brockton, in the District of Massachusetts, and elsewhere, which affected interstate commerce.

e. Leaders, members and associates of the Boylston Street Gang possessed, carried and used firearms to protect their operations from theft, robbery, and competition from others. These weapons were possessed, carried and used for various reasons, including but not limited to: to protect the Boylston Street Gang's narcotics and the proceeds of drug distribution; to ensure that drug distribution activities were controlled by the leaders, members, and associates of the Boylston Street Gang; to intimidate others from attempting to steal the Boylston Street Gang's narcotics and proceeds from drug distribution; and to ensure the personal safety of leaders, members and associates of the Boylston Street Gang.

f. To generate income, participants in the Boylston Street Gang were entitled to conduct, and, in fact, conducted illegal activities under the protection of the Boylston Street Gang.

## Racketeering Activity

8. The Boylston Street Gang through its leaders, members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely: offenses involving narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846; and acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 16 (attempted murder), Section 15 (assault with intent to commit murder), and Section 18 (armed assault with intent to commit murder), and in violation of Massachusetts General Laws, Chapter 274, Section 7 (conspiracy to commit murder).

## Violent Crime

9. On or about March 26, 2016, within the District of Massachusetts, for the purpose of gaining entrance to and maintaining and increasing position in the Boylston Street Gang, an Enterprise engaged in racketeering activity,

    1.    **JASSEL CASTILLO, a/k/a "Shells," and**
    5.    **MICHAEL ROMERO,**

the defendants herein, did attempt to murder and assault with a dangerous weapon John Doe, in violation of Massachusetts General Laws, Chapter 265, Section 15B and 16.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

**COUNT THREE:** (18 U.S.C. § 922(a)(1)(A)-- Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

10. From a time unknown to the Grand Jury and continuing to on or about June 8, 2016, in Revere, Boston and elsewhere in the District of Massachusetts,

    3.    **JONATHAN PENA**, and
    5.    **MICHAEL ROMERO**,

the defendants herein, not being a licensed importer, manufacturer and dealer under the provisions of Chapter 44 of Title 18, United States Code, did willfully engage in the business of dealing in firearms, including, but not limited to, the following:

    a.    a Haskell, JS-45, .45 caliber pistol, with an obliterated serial number,

    b.    a Taurus, PT111 Pro Millennium, .9mm pistol, bearing serial number TAV29433,

    c.    a Ruger, LCP, .380 caliber pistol, bearing serial number 377-0912,

    d.    an Iver Johnson, U.S. Revolver Company, .38 caliber revolver, bearing serial number 18438,

    e.    a Bersa, 383A, .380 caliber semi-automatic pistol, bearing serial number 279255, and

    f.    a Smith and Wesson, Model 13, .357 Magnum revolver, bearing serial number 9D32739.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

# DRUG FORFEITURE ALLEGATION
## (Title 21, United States Code, Section 853)

The Grand Jury further charges that:

11. As a result of the offense alleged in Count One of this Indictment:

   2. **JOSE HERRERA,**
   4. **VICTOR PENA,**
   6. **ANTONIO SOSA,**
   7. **ANTHONY TERRONES,** a/k/a "Squirrel," and
   8. **ALFIDIS VICTORINO,** a/k/a "Junior,"

the defendants herein, shall forfeit to the United States, jointly and severally, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

12. If any of the property described in paragraph 11, above, as a result of any act or omission of the defendants –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 12 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
EMILY CUMMINGS
MICHAEL J. CROWLEY
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS         June 8, 2016

Returned into the District Court by the Grand Jurors and filed.

_____ 12:04pm
Deputy Clerk

10